UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SGT INVESTMENTS, LLC, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>SANDY PROCTOR, et al.,<br><br>   Defendants. | Case No. 13-cv-00658 NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

  The Court issues this order *sua sponte* to address concerns regarding the apparent lack of subject matter jurisdiction. Plaintiffs SGT Investments and Yum Man Wong initiated this unlawful detainer action against defendants Rosa Mae Proctor and Sandy Proctor in the Superior Court of California, County of Alameda. Dkt. No. 1 at 19. Defendant Sandy Proctor, proceeding pro se, removed the case to this Court. While the notice of removal asserts that removal is proper based on a long list of various federal statutes, there appears to be no basis for this Court's jurisdiction. The Court orders Proctor to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

//

# I. DISCUSSION

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that section 1447(c) permits district courts to remand *sua sponte* for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## A.  Diversity Jurisdiction

District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332. It is unclear whether Proctor contends that removal is proper based on diversity. In any event, the essential elements of diversity jurisdiction appear to be lacking here.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The notice of removal and the

attached unlawful detainer complaint in this case indicate that SGT Investments and the defendants are all citizens of California for diversity purposes. Dkt. No. 1 at 2, 6, 19-20. *See* 28 U.S.C. § 1332(c) (for purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business") (emphasis added); *see also Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 365 n.3 (7th Cir. 1994); *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982). In the case of an artificial business entity that is not a corporation, the entity's citizenship for diversity purposes generally depends on the citizenship of each of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990). If Proctor contends that the Court has diversity jurisdiction over this action, Proctor must properly identify the citizenship of all parties, and must provide factual allegations to support the assertion that the amount in controversy exceeds $75,000. *See Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) (finding lack of subject matter jurisdiction where plaintiff's tort claim could not sustain a judgment over the jurisdictional amount).

**B.     Federal Question Jurisdiction**

Proctor's contention that the Court has federal question jurisdiction over this unlawful detainer action also has no merit. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque*, 582 F.3d at 1091.

Here, the operative complaint alleges a single claim for unlawful detainer under California, not federal law. *See* Dkt. No. 1 at 19-21. Proctor contends that the unlawful detainer proceeding against her is illegal because it violates Proctor's civil rights, right to

Case No. 13-cv-00658 NC
ORDER TO SHOW CAUSE                    3

jury trial, and various other federal statutes. *Id.* at 1-14. Merits aside, Proctor's claims and defenses against the plaintiffs in the unlawful detainer action cannot create a federal question for the purposes of removal. "[T]he federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *See Provincial Gov't of Marinduque*, 582 F.3d at 1086 (citation omitted). Plaintiffs' unlawful detainer complaint does not raise a federal question.

**C.     Removal in Certain Civil Rights Cases**

Finally, Proctor has failed to show that removal is proper under 28 U.S.C. § 1443(1), which permits the removal of an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." A petition for removal under section 1443(1) must satisfy a two-part test: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (internal quotation marks and citations omitted).

The notice of removal here makes sweeping, completely unsupported allegations that the courts of Alameda County employ discriminatory rules and policies in unlawful detainer proceedings which purportedly deny Proctor's rights as an African American woman, person over the age of 40, economically disadvantaged defendant, and a real property owner after foreclosure. *See* Dkt. No. 1 at 4-6, 10-11. Assuming without deciding that the notice of removal here meets the first prong of the section 1443(1) test, it does not meet the second prong because Proctor has not pointed to any state law that prohibits the Alameda County Superior Court from enforcing defendants' equal rights in state court.

## II. CONCLUSION

The Court orders defendant Sandy Proctor to show cause in writing on or before May 29, 2013, why this case should not be dismissed for lack of subject matter jurisdiction. The Court will address this issue at the time of the initial case management conference set for June 5, 2013 at 10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

Proctor's response to the order to show cause must also address whether the other defendant in the unlawful detainer state action consents to the removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

By May 22, 2013, defendant Sandy Proctor must serve a copy of this order on all parties in this case.

IT IS SO ORDERED.

Date: May 16, 2013

Nathanael M. Cousins
United States Magistrate Judge